United States Courts
Southern District of Texas
F I L E D

FEB 1 7 2023

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TREY BOSARD | § | |
|     Plaintiff, | § | |
| | § | CASE NO. |
| v. | § | |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |
|     Defendant. | § | |

## UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant United Property & Casualty Insurance Company ("Defendant" or "UPC") files this Notice of Removal and shows the following:

### A. INTRODUCTION

1.     On January 13, 2023, Plaintiff Trey Bosard ("Plaintiff") filed suit against Defendant in Cause Number 2023-02422, in the 269th Judicial District Court in Harris County, Texas. However, this Court also has jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.     Defendant was served with the suit on January 20, 2023. Defendant timely files this notice within the 30-day time period required by 28 U.S.C. § 1446(b)(1) to remove this action from the 269th Judicial District Court of Harris County to the United States District Court for the Southern District of Texas, Houston Division.

**B.** **N<small>ATURE OF THE</small> S<small>UIT</small>**

3.      The suit involves a dispute over the alleged non-payment or under payment of insurance benefits and the handling of Plaintiff's insurance claim for damages to his property allegedly caused by an alleged severe storm that occurred on or about January 8, 2022, in Humble, Texas. Plaintiff has asserted causes of action for breach of contract, noncompliance with the Texas Insurance Code (Unfair Settlement Practices and The Prompt Payment of Claims), noncompliance with the Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. Pursuant to his petition, Plaintiff is seeking "…monetary relief of less than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs." [1]

**C.** **B<small>ASIS</small> F<small>OR</small> R<small>EMOVAL</small>**

4.      Removal is proper because there is a complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C §§ 1332(a), 1441(b).

5.      Plaintiff is an individual who resides in Harris County in the State of Texas. Defendant UPC is a foreign corporation incorporated in Delaware with its principal place of business in St. Petersburg, Florida. Hence, all parties are diverse.

6.      Plaintiff seeks "…monetary relief of less than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs." Here, we know that amount to be in excess of $75,000.

7.      Plaintiff alleges that the damage to the property is currently estimated at $27,405.83. [2] Plaintiff further alleges that Defendant acted "knowingly" and for that intentional

---

[1] Exhibit A, Petition, ¶ 69
[2] Exhibit A, Petition, ¶ 17

conduct, Plaintiff seeks three (3) times their actual damages.[3]  Plaintiff also seeks his attorney's fees and the 18% penalty available for delayed payments under chapter 542 of the Texas Insurance Code, which he alleges UPC violated.[4]

8.    Based on the foregoing, jurisdiction has been established, and removal is appropriate.  28 U.S.C §§ 1332(a), 1441(b).

### D.  COMPLIANCE WITH REMOVAL REQUIREMENTS

9.    Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit is currently pending is located in this district and division, as is the property at issue. The property at issue is likewise located in this district and division.

10.    Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[5]

11.    UPC is currently the only Defendant in the suit, and it seeks removal to federal court.

12.    Defendant will promptly give written notice of this Notice of Removal to all adverse parties and file a copy of same with the clerk of Harris County, Texas where the suit is currently pending. *See* 28 U.S.C. § 1446(d).

### E.  JURY DEMAND

13.    A Jury was not requested in the state court action and not requested herein.

---

[3] Exhibit A, Petition, ¶ 64
[4] Exhibit A, Petition, ¶ 65
[5] *See* Exhibit A attached hereto.

**F. Conclusion**

14.     Defendant respectfully requests that the suit be removed from the 269th Judicial

District Court in Harris County, Texas and placed on this Court's docket for further proceedings.

Respectfully submitted,

**Clinton V. Cox, IV**
*Attorney in Charge*
Texas Bar No. 24040738
Federal Bar No. 36874
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
Main Telephone: (214) 444-7050
Main Facsimile: (469) 340-1884
Email: ccox@coxpllc.com

OF COUNSEL:

**COX P.L.L.C.**

**Marjorie C. Nicol**
Texas Bar No. 00784684
Federal Bar No. 18400
2200 Post Oak Blvd., Ste. 1550
Houston, Texas 77056
Direct: (713) 504-9078
Facsimile: (469) 340-1884
Email: mnicol@coxpllc.com

**ATTORNEYS FOR DEFENDANT UNITED
PROPERTY & CASUALTY INSURANCE
COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of the foregoing Notice of Removal is being served upon counsel of record in compliance with the Federal Rules of Civil Procedure by e-service, e-mail, certified mail, return receipt requested, telephonic communications, hand delivery and/or U.S. Mail on this the 17th day of February 2023.

_/s/ Marjorie Nicol_
Marjorie C. Nicol

1/13/2023 8:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 71767720
By: alma miranda
Filed: 1/13/2023 8:14 AM

*2023-02422 / Court: 269*

CAUSE NO. _____

| | | |
|---|---|---|
| **TREY BOSARD** | )( | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | )( | |
| | )( | |
| **vs.** | )( | **HARRIS COUNTY, TEXAS** |
| | )( | |
| **UNITED PROPERTY AND CASUALTY** | )( | |
| **INSURANCE COMPANY** | )( | |
| *Defendant.* | )( | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Trey Bosard, ("Plaintiff"), and files **Plaintiff's Original Petition and Jury Demand,** complaining of United Property & Casualty Insurance Company("United" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiff, Trey Bosard, resides in Harris County, Texas.

3. Defendant, United Property & Casualty Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon United, through its registered agent for service listed with the Texas Department of Insurance: **Cogncy Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Txas 75201-3136, or wherever they may be found.** Plaintiff requests service at this time.

### JURISDICTION

4. The Court has jurisdiction over United because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of United's business activities in the state, including those in Harris County, Texas, with reference to this

# EXHIBIT A

specific case.

## VENUE

5.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.   Plaintiff asserts claims for breach of contract, breach of common law duty of good faith and fair dealing, breach of  sections 541 and 542 of the Texas Insurance Code, and breach of the Texas DTPA.

7.   Plaintiff owned a United insurance policy, number UTD 756217104 (the "Policy").  At all relevant times, Plaintiff owned the insured premises located at 17306 Shiloh Valley Lane, Humble, Texas 77346 (the "Property").  The Policy covered the Property from 06/16/2021 to 06/16/2022 (the "Polcy Period").

8.   United Property & Casualty Insurance Company sold the Policy to Plainitff and represented that the Policy would cover the property for damage of loss caused by certain perils, including wind and hailstorm.

9.   During the Policy Period the Property sustained extensive damage resulting from a severe storm that passed through the Harris County, Texas area.  United assigned a date of loss of January 8, 2022.

10.    In the aftermath of the storm, Plaintiff submitted a claim to United Property & Casualty Insurance Company against the Policy for damage to the Property.  United assigned claim number 22TX00161645 to Plaintiff's claim (the "Claim").

2

11.    Plaintiff asked United to cover the cost of damage to the Property pursuant to the Policy. United hired or assigned its agent, Zachary Rebottini ("Rebottini"), to inspect and adjust the claim.

12.    Since Rebottini acted as an agent for United, United is liable for any and all acts or omissions committed by Rebittini with regard to the Claim.

13.    Rebottini conducted an inspection on or about May 9, 2022. Rebottini did not investigate the weather at or near Plaintiff's property. Rebottini pulled no storm reports, no wind reports and no hail reports. Rebottini failed to provide any findings, conclusions, or determinations related to weather to Plaintiff.

14.    After failing to investigate, document, and make a final determination on storm activity during the Policy Period, Rebottini represented to Plaintiff there was minimal storm-related damage to the Property, which Rebottini estimated at $1,416.60. After application of depreciation and $2,930 deductible, Plaintiff was left with zero funds to make repairs on the entirety of the Claim. United has refused the full extent of that coverage currently owed to Plaintiff.

15.    United, through its agent, Rebottini, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16.    United has ultimately refused full coverage which includes, but is not limited to, damage to the roof and exterior of the Property.

17.    The damage to Plaintiff's Property is currently estimated at $27,405.83.

3

18.    Rebottini had a vested interest in undervaluing the claims assigned to him by United in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's inspector's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of United.

19.    Furthermore, Rebottini was aware of Plaintiff's $2,930 deductible prior to inspecting the Property. Rebottini had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

20.    Rebottini misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Rebottini made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

21.    After reviewing Plaintiff's Policy, Rebottini misrepresented that the damage was caused by non-covered perils. Rebottini used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22.    As stated above, United improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, United misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

23.    United made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. United made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Rebottini.

4

24.    Plaintiff relied on United's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25.    Upon receipt of the inspection and estimate reports from Rebottini, United failed to assess the Claim thoroughly. Based upon Rebottini's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, United failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26.    Because United failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

27.    Furthermore, United failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, United performed an unreasonable and substandard inspection that allowed United to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28.    United's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29.    United's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). United has failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

5

Specifically, United has failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30. United's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). United failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

31. Additionally, after United received statutory demand on or about October 11, 2022, United has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

32. United's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Rebottini performed a biased and intentionally substandard inspection designed to allow United to refuse to provide full coverage to Plaintiff under the Policy.

33. Specifically, United and Rebottini performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34. United's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Rebottini's subpar inspection, United failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

35. United's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claims.  TEX. INS. CODE §542.056.  Due to Rebottini's intentional undervaluation of

Plaintiff's Claims, United failed to meet its obligations under the Texas Insurance Code

regarding timely payment of the Claim.  Specifically, Rebottini's understatement of the

damage to the Property caused United to delay full payment of Plaintiff's Claim longer

than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

36.    United's wrongful acts and omissions have forced Plaintiff to retain the professional

services of the attorneys and law firm representing them with respect to these causes of

action.

## CAUSES OF ACTION AGAINST DEFENDANT
## UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

37.    All paragraphs from the fact section of this petition are hereby incorporated into this
section.

## BREACH OF CONTRACT

38.    United is liable to Plaintiff for intentional violations of the Texas Insurance Code, and

intentional breach of the common law duty of good faith and fair dealing.  It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of

the insurance contract between United and Plaintiff.

39.    United's failure and/or refusal to pay adequate coverage as obligated under the Policy, and

under the laws of the State of Texas, constitutes a breach of United's insurance contract

with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

40.    All allegations above are incorporated herein.

7

41.    United's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42.    United's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

43.    United's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though United's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

44.    United's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

45.    United's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

46. United's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

47. All allegations above are incorporated herein.

48. United's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

49. United's failure to notify Plaintiff in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

50. United's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. All allegations above are incorporated herein.

52. United's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

53. United's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though, at that time, United knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

9

## DTPA VIOLATIONS

54.    All allegations above are incorporated herein.

55.    United's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
       Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
       and services provided by United pursuant to the DTPA.  Plaintiff has met all conditions
       precedent to bring this cause of action against United.  Specifically, United's violations of
       the DTPA include, without limitation, the following matters:

       A.    By its acts, omissions, failures, and conduct, United has violated sections
             17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  United's violations
             include, (1) unreasonable delays in the investigation, adjustment, and resolution of
             Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure
             to pay for the proper repair of Plaintiff's property when liability has become
             reasonably clear, which gives Plaintiff the right to recover under section
             17.46(b)(2).

       B.    United represented to Plaintiff that the Policy and United's adjusting agent and
             investigative services had characteristics or benefits they did not possess, which
             gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

       C.    United also represented to Plaintiff that the Policy and United's adjusting services
             were of a particular standard, quality, or grade when they were of another, in
             violation of section 17.46(b)(7) of the DTPA.

       D.    Furthermore, United advertised the Policy and adjusting services with the intent not
             to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    United breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    United's actions are unconscionable in that United took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. United's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.    United's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56.    Each of the above-described acts, omissions, and failures of United is a producing cause of Plaintiff's damages. All of United's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

57.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

58.    Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

11

## DAMAGES

59.   Since the Claim was made, United has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.   This has caused undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's Claim in violation of the laws set forth above.

60.   Plaintiff currently estimates that actual damages to the Property under the Policy are $27,405.83.

61.   Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.   Defendant made these false misrepresentations with the intent that Plaintiff acts in accordance with the misrepresentations.   Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.   Plaintiff suffered damages as a result.

62.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.   The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

63.   For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

64.   For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed

12

pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

65.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

66.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount <company abbreviation> owed, exemplary damages, and damages for emotional distress.

67.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

68.    For the prosecution and collection of this Claims, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of

the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

69.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of less than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. Further, Plaintiff pleads out of the expedited action process governed by Texas Rule of Civil Procedure 169.

## REQUIRED DISCLOSURE

70.   Under Texas Rules of Civil Procedure 194, Defendant must disclose, within thirty (30) days
      of filing an answer of general appearance, the information and material described in Texas
      Rules of Civil Procedure 194.2, 194.3 and 194.4.

## JURY DEMAND

71.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a
      jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the
      appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, United Property & Casualty Insurance Company, be cited
and served to appear and that upon trial hereof, Trey Bosard, recovers from Defendant, United
Property & Casualty Insurance Company such sums as would reasonably and justly compensate
Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble
damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all
punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the
award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended
on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any
other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

    Dated: January 2, 2023

                                        Respectfully submitted,

                                        By: /s/ Patrick C. McGinnis

                                            Chad T. Wilson
                                            Bar No. 24079587

15

Patrick C. McGinnis
Bar No.1361900
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

16

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jason Jones on behalf of Patrick McGinnis
Bar No. 13631900
jjones@cwilsonlaw.com
Envelope ID: 71767720
Status as of 1/13/2023 9:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad Wilson | | cwilson@cwilsonlaw.com | 1/13/2023 8:14:18 AM | SENT |
| Chad Wilson | | eserve@cwilsonlaw.com | 1/13/2023 8:14:18 AM | SENT |
| Jason Jones | | jjones@cwilsonlaw.com | 1/13/2023 8:14:18 AM | SENT |
| Patrick C.McGinnis | | pmcginnis@cwilsonlaw.com | 1/13/2023 8:14:18 AM | SENT |

1/24/2023 11:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72078938
By: Joshua Herrington
Filed: 1/24/2023 11:04 AM

Receipt Number: 944273
Tracking Number: 74098984

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202302422

PLAINTIFF: BOSARD, TREY

vs.

DEFENDANT:    UNITED    PROPERTY    AND    CASUALTY
INSURANCE COMPANY

In the 269th Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY AND CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
COGNCY GLOBAL INC

1601 ELM STREET SUITE 4360

DALLAS TX 75201

Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND.

This instrument was filed on January 12, 2023, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
January 12, 2023.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: ALMA MIRANDA

Issued at request of:
WILSON, CHAD T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX  77598-0000
832-415-1432
Bar Number: 24079587

Tracking Number: 74098984

CAUSE NUMBER: 202302422

PLAINTIFF: BOSARD, TREY

    vs.

DEFENDANT: UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

In the 269th

Judicial District Court

of Harris County, Texas

## OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _10:15_ o'clock _A._ M., on the _19th_ day of _January_, 20_23_ Executed at (address) _1601 Elm St #4360 Dallas TX 75201_ in _Dallas_ County at _3:03_ o'clock _P._ M., on the _20th_ day of _January_, 20_23_ by delivering to _United Property and Casualty Insurance Company_ defendant, in person, a true copy of this Citation together with the accompanying _1_ copy(ies) of the _Plaintiffs Original_ Petition _and Jury Demand_ attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _23rd_ day of _January_, 20_23_.

FEE: $ _80_

_____ of _____

County, Texas

_PSC #199169_
_EXP. 6/30/23_ By: _____
    Affiant
                          Deputy

On this day, _Daisy Garcia_ the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _23_ of _January_, 20_23_

_Carrie M. Dean_
Notary Public

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133583213

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 72078938
Status as of 1/24/2023 11:14 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patrick C.McGinnis | | pmcginnis@cwilsonlaw.com | 1/24/2023 11:04:03 AM | SENT |
| Chad Wilson | | cwilson@cwilsonlaw.com | 1/24/2023 11:04:03 AM | SENT |
| Chad Wilson | | eserve@cwilsonlaw.com | 1/24/2023 11:04:03 AM | SENT |
| Jason Jones | | jjones@cwilsonlaw.com | 1/24/2023 11:04:03 AM | SENT |

2/10/2023 4:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72667907
By: Joshua Herrington
Filed: 2/10/2023 4:08 PM

## CAUSE NO. 2023-02422

| | | |
|---|---|---|
| TREY BOSARD<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 269th JUDICIAL DISTRICT |
| UNITED PROPERTY & CASUALTY<br>INSURANCE COMPANY<br>*Defendants.* | §<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** ("Defendant"), files this its Original Answer in response to Plaintiff's Original Petition. By way of same, Defendant would show the Court the following:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and all supplements and amendments thereto, and demands strict proof thereof as authorized by TEXAS RULE OF CIVIL PROCEDURE 92.

### II.
### DEFENSES & AFFIRMATIVE DEFENSES

Pleading further, Defendant would affirmatively plead that it properly evaluated the claims set forth in this lawsuit and made an appropriate offer under the applicable policy.

Pleading further, Defendant would affirmatively plead that the Plaintiff's damages, if any, were caused by pre-existing or post-existing conditions of the property in question not covered under the subject insurance policy.

Pleading further, Defendant would affirmatively plead that Plaintiff failed to mitigate his

damages, if any.

Pleading further, Defendant would affirmatively plead that Plaintiff failed to state a viable claim as to breach of contract.

Pleading further, Defendant would affirmatively plead that Plaintiff failed to state a viable claim as to a violation of Texas Insurance Code, Section 542, et seq., the prompt payment of claims.

Pleading further, Defendant would affirmatively plead that Plaintiff failed to state a viable claim as to a violation of Texas Insurance Code, Section 541, et seq., unfair insurance practices.

Pleading further, Defendant would affirmatively plead that Plaintiff failed to state a viable claim as to a violation of Texas Business & Commerce Code, Section 17.46, et seq., the deceptive trade practices act.

Pleading further, Defendant would affirmatively plead that Plaintiff failed to state a viable claim as to the breach of duty of good faith and fair dealing.

Pleading further, Defendant would affirmatively plead that Plaintiff failed to comply with all required conditions precedent.

Pleading further, Defendant would show that Plaintiff is not entitled to an award of exemplary damages, unless the Plaintiff proves by clear and convincing evidence that Defendants acted with malice.  Tex. Civ. Prac. & Rem. Code §41.003(a).

Defendant also requests that the Plaintiff proves the necessary requirements to establish a cause of action for exemplary damages as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.  Further, prejudgment interest may not be recovered on an award of exemplary damages pursuant to §41.007 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff claims punitive damages against Defendant, an award of punitive damages against it,

without any cap or limit whatsoever placed upon the amount of punitive damages which may be awarded, would violate its rights to due process as guaranteed by the 14th Amendment to the United States Constitution by Article I, Section 19 of the Texas Constitution, as well as by the public policy and common law of this State.

Defendant also invokes the defense of burden of proof, as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendants maintains that Plaintiff does not state a viable claim for the imposition of punitive damages.

Defendant reserves the right to amend or supplement this Answer, at a later time in the proceedings.

## III.
## REQUEST FOR DEPOSITIONS

Should this matter not be dismissed or adjudicated by preliminary motion, Defendant hereby requests dates for the depositions of Plaintiff as well as any witness or person with knowledge of relevant facts. Defendant envisions such depositions will need to be taken after reasonable time for written discovery.

## IV.
## PRAYER

Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY prays that Plaintiff takes nothing by this suit; and that Defendant goes hence without delay and recover all costs expended on its behalf. Praying further, Defendant prays for such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

COX P.L.L.C.

By: _Cox Cox_
Clinton V. Cox, IV
Texas Bar No. 24040738
ccox@coxpllc.com
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
T: (214) 444-7050
F: (469) 340-1884

Marjorie C. Nicol
Texas Bar No. 00786484
mnicol@coxpllc.com
2200 Post Oak Blvd., Ste. 1550
Houston, Texas 77056
Direct: (713) 504-9078
Facsimile: (469) 340-1884

**ATTORNEYS FOR DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served to all attorneys of record, pursuant to the Texas Rules of Civil Procedure, on this the 10th day of February 2023.

_/s/ Marjorie Nicol_
Marjorie Nicol

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Gordon on behalf of Marjorie C. Nicol
Bar No. 784684
dgordon@coxpllc.com
Envelope ID: 72667907
Status as of 2/10/2023 4:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Donna Gordon | | dgordon@coxpllc.com | 2/10/2023 4:08:12 PM | SENT |
| Patrick C.McGinnis | | pmcginnis@cwilsonlaw.com | 2/10/2023 4:08:12 PM | SENT |
| Chad Wilson | | cwilson@cwilsonlaw.com | 2/10/2023 4:08:12 PM | SENT |
| Chad Wilson | | eserve@cwilsonlaw.com | 2/10/2023 4:08:12 PM | SENT |
| Jason Jones | | jjones@cwilsonlaw.com | 2/10/2023 4:08:12 PM | SENT |
| Clint V.Cox | | ccox@coxpllc.com | 2/10/2023 4:08:12 PM | SENT |
| Marjorie Nicol | | mnicol@coxpllc.com | 2/10/2023 4:08:12 PM | SENT |